### ARENAS v. PRESTON et al.

### UNITED STATES et al. v. PRESTON et al.

#### No. 12046.

United States Court of Appeals
. Ninth Circuit.

March 23, 1950.

John J. Taheny, San Francisco, Cal., for John J. Taheny.

A. Devitt Vanech, Asst. Atty. Gen., Ernest A. Tolin, U. S. Atty., Los Angeles, Cal., Irl D. Brett, Sp. Asst. to Atty. Gen., Roger P. Marquis and John C. Harrington, Attys., Dept. of Justice, Washington, D. C., for United States.

Before STEPHENS and POPE, Circuit Judges, and LING, District Judge.

STEPHENS, Circuit Judge.

Coincident with the submission to this court of the above entitled case a motion by the United States entitled "Motion to modify order fixing and allowing attorney's fees, etc." was also submitted for our action.

It appears that John J. Taheny, Esquire, a member of the bar, was employed by Lee Arenas to represent him in the district court proceedings in the matter of fixing attorneys' fees and allowing certain expenditures by the attorneys. It will be seen by our opinion on the merits in the above entitled case, 181 F.2d 62, that the court made certain orders in regard to the attorney fees and allowable expenses and ordered a lien impressed upon the allotment of land made to Lee Arenas by judgment. Thereafter, on December 15, 1948, pursuant to a stipulation filed in this court (U. S. Court of Appeals) by and between John J. Taheny and Lee Arenas in connection with a motion for substitution of attorneys and good cause appearing to the court, the court fixed Mr. Taheny's fee and allowable expenditures in the sum so agreed upon and ordered a lien for such referred to sum impressed upon the allotment Lee Arenas had secured through the litigation.

It will be seen by our opinion and decision above referred to that the United

States continues to hold an interest in the lands allotted to Lee Arenas and that the United States is a necessary party to any order affecting title to or encumbering them. See United States v. Hellard, 1944, 322 U.S. 363, 64 S.Ct. 985, 88 L.Ed. 1326. It also appears that the United States was never served with notice of substitution of attorneys in place of Mr. Taheny and that the United States had no notice of the motion and order above referred to and that it had no knowledge thereof until it was revealed in the printed record of the main case of Arenas v. Preston on appeal.

The failure to give the United States notice of the intended motion was a violation of our Rule 17, the applicable part thereof being as follows: "1. All motions to the court shall be reduced to writing, shall contain a brief statement of the facts and objects of the motion, shall be supported by points and authorities and, where the facts are not otherwise proved in the cause, by affidavits, and shall be served upon opposing counsel at least 5 days before the day noticed for the hearing."

We hold the fixing of the attorney's fees and expenses by this court and the impressment of the lien on the allotted land for the sum so fixed to be null and void and of no force or authority whatsoever. Our opinion and decision on the merits, above referred to, should of course be followed in further proceedings concerning Mr. Taheny's compensation and expenditures.

Order set aside.